IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRUE NORTH PROPERTY OWNER
A, LLC,
     Plaintiff,

v.

RAQUEL SIMPSON and ALL
OTHER OCCUPANTS,
     Defendants.

CIVIL ACTION NO.
1:26-cv-3460-MHC-CMS

## <u>FINAL REPORT AND RECOMMENDATION AND ORDER</u>

This civil action stems from a dispossessory proceeding filed in the Magistrate Court of Fulton County, Georgia, by True North Property Owner A, LLC ("True North") against Raquel Simpson and all other occupants. *See* [Doc. 1-2 at 1]. Proceeding pro se, Simpson has filed in this Court a Notice of Removal [Doc. 1-1 at 1–6] and an application for permission to proceed in forma pauperis ("IFP") [Doc. 1]. Because this Court does not have original jurisdiction over the claim made in state court, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Fulton County, Georgia, for lack of subject matter jurisdiction. For the purposes of remand only, the motion to proceed IFP is **GRANTED**.

## I.    <u>BACKGROUND</u>

In the underlying dispossessory proceeding, True North alleged that Simpson is in possession as a tenant of premises at an address in Fulton County.  [Doc. 1-2 at 1].  True North alleged that Simpson has failed to pay rent that is now due.  [*Id.*].  True North further alleged that it had demanded possession of the premises but that Simpson has failed and refused to deliver possession.  [*Id.*].  In the dispossessory complaint, True North demanded past due rent in the amount of $6,622.67 for the months of March, April, and May; rent accruing up to the date of judgment or vacancy at the rate of $2,220.00 per month; and various costs and fees.  [*Id.*].

Simpson removed this dispossessory proceeding, contending that this Court has jurisdiction over this case.  [Doc. 1-1 at 1].  Simpson alleges that she "complains on matters which go to related federal questions, such as federal civil jurisdiction within the several States of the Union, and the denial or the inability to enforce, in the courts of a State, one or more rights under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction . . . ." [*Id.* at 3].  Simpson further alleges that she "complains of various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution . . . and by federal law, and which deprivations are violations of 18 U.S.C. §§ 241 and 242." [*Id.* at 4].  Simpson maintains that True North lacks

standing, and she "complains [s]he has a right to Fair and Impartial Proceedings and a right to equal and adequate protection under the laws of the State of Georgia." [*Id.* at 4]. Simpson finally claims that she has been denied the constitutional right to a jury trial. [*Id.*].

## II.   **DISCUSSION**

The Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Jurisdiction is limited in the first instance by the Constitution, *see* U.S. CONST., art. III, § 2, and "lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.'" *Id.* (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)). As relevant here, "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Id.* (quoting 28 U.S.C. § 1331 and citing 28 U.S.C. § 1332(a)). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Id.* at 437–38.

3

"In addition to granting federal courts jurisdiction over certain types of cases, Congress has enacted provisions that permit parties to remove cases originally filed in state court to federal court." *Home Depot*, 587 U.S. at 438. For example, "the defendant or the defendants in a state-court action over which the federal courts would have original jurisdiction [may] remove that action to federal court." *Id.* (quotation marks omitted). "To remove under [§ 1441(a)], a party must meet the requirements for removal detailed in other provisions." *Id.* Among those requirements is that the defendant file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1446(a). The party seeking removal bears the burden of establishing that federal jurisdiction exists. *See, e.g.*, *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). If the notice of removal, together with its attachments, does not satisfy that burden and "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Simpson's Notice of Removal and the accompanying attachment do not establish that federal question jurisdiction exists here. It is axiomatic that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* And it is well-established that "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). It is apparent here that this dispossessory proceeding brought by True North against Simpson asserts no federal claims. Consequently, this civil action may not be removed on the basis of federal question jurisdiction, no matter what federal counterclaims or defenses Simpson may seek to assert.[1]

To the extent Simpson seeks to claim that the Court has subject matter jurisdiction based on 28 U.S.C. § 1443, I find that this is not a proper basis for subject

---

[1] I note that Simpson has no private cause of action against True North under either of the two federal criminal statutes–18 U.S.C. §§ 241 & 242–cited in the Notice of Removal. *See, e.g.*, *Collins v. Bates*, No. 17-14559, 2018 WL 5090845, at *7 (11th Cir. May 10, 2018) (citing *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 723 (11th Cir. 2002)). Nor, contrary to Simpson's suggestion, do the state-law claims of True North implicate significant federal issues that give rise to federal jurisdiction. *See* [Doc. 1-1 at 2–3]. As the Supreme Court has emphasized: "federal jurisdiction over a state law claim will lie [only] if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). This civil action does not fall into this "special and small category" of cases. *Id.*

matter jurisdiction. Section 1443 provides for removal of any action commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). A removal petition under Section 1443(1) must satisfy a two-part test. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality." *Id.* (citation modified). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (citation omitted). Section 1443 cannot be used for removal of cases (like this one) asserting violations of constitutional rights generally; it applies only to those cases involving "equal rights" stated in terms of racial equality and the statutes protecting it, not civil rights in general. *Mulder v. Wilson*, 462 F. Supp. 2d 1214, 1217 (M.D. Ala. 2006) (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Conley*, 245 F.3d at 1295–96). Here, Simpson's Notice of Removal does not assert that she has been denied the right to enforce a civil-rights law stated in terms of racial equality. Thus, the case is not removable under Section 1443(1). *See, e.g.*, *FPA5 Encore LLC v. McFall*, No. 1:18-cv-4286-TWT-JFK, 2018 WL 4938729, at *2 (N.D. Ga. Sept. 12, 2018) (holding that "[a]llegations of § 1443 jurisdiction on the vague and conclusory grounds

presented by Defendant herein have been found insufficient to establish this court's removal jurisdiction in dispossessory proceedings"), *adopted by* 2018 WL 4931949 (N.D. Ga. Oct. 11, 2018); *Sparkysa, LLC v. Binder*, No. 1:18-cv-1543-CC-JKL, 2018 WL 3745066, at *2 (N.D. Ga. Apr. 16, 2018) (finding that an eviction proceeding was not removable under Section 1443 where the defendant did not allege violation of any specific civil rights stated in terms of racial equality), *adopted by* 2018 WL 3732756 (N.D. Ga. May 11, 2018).

Nor does the Notice of Removal establish that diversity jurisdiction exists here. First, Simpson made no attempt to plead facts in the Notice of Removal that would establish that diversity of citizenship exists between the parties so that removal is appropriate pursuant to 28 U.S.C. § 1441(b). And, second, even if Simpson had argued that diversity exists, no showing has been made that the amount in controversy is satisfied.

Based on the foregoing, I find and conclude that Simpson has failed to meet the burden to establish that this Court has original jurisdiction.

## III.   CONCLUSION

Because Simpson has failed to demonstrate that this Court has subject matter jurisdiction over the dispossessory claim asserted by True North, I **RECOMMEND** that this civil action be remanded to the Magistrate Court of Fulton County, Georgia,

7

pursuant to 28 U.S.C. § 1447(c).  The request to proceed IFP [Doc. 1] is **GRANTED**

solely for the purpose of remand.

**SO REPORTED, RECOMMENDED, AND ORDERED**, this 25th day of

June, 2026.

Catherine M. Salinas
United States Magistrate Judge